[Civ. No. 225.　First Appellate District.—November 22, 1909.]

## JOSEF WIRRINGER and KATHARINA MOOSMULLER, Respondents, v. F. E. MORGAN, Appellant.

COLLATERAL INHERITANCE TAX—ILLEGITIMATE CHILDREN ACKNOWLEDGED AS HEIRS—TITLE OF ACT—EXCEPTIONS.—Under the collateral inheritance act of 1893, entitled "An act to establish a tax on collateral inheritance bequests and devises, and to direct the disposition of its proceeds," as amended in 1899, without change in the title, illegitimate children made lawful heirs of a father by written acknowledgment duly executed as provided in section 1387 of the Civil Code are not collateral heirs within the title of the act, nor subject to the tax thereby imposed, whether they are or are not included within its exceptions of "lawful issue," or "any child or children lawfully adopted as such in conformity with the laws of the state of California."

ID.—CONSTITUTIONAL LIMITATION OF TAX BY TITLE OF ACT.—By the title of the act in question, the scope of the act, so far as taxing inheritance is concerned, is limited to collateral inheritances. So far as the act attempts to require a tax to be paid on an inheritance which is not collateral, but is in the direct line, it is void under the express provisions of section 24 of article IV of the constitution regulating the title of acts.

ID.—DECREE OF DISTRIBUTION TO LAWFUL HEIRS OF DECEASED FATHER—TAX NOT FIXED.—Under a decree of distribution to the only lawful heirs of a deceased father, who had been made such by him under section 1387 of the Civil Code, which distributes the residue of the estate to them, "less the amount of the inheritance tax as required by law," without fixing any amount in the decree, the distributees are entitled to receive the entire residue of the estate from the administrator without deduction of any tax therefrom.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.　James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Carl E. Lindsay, for Appellant.

Loewy & Gutsch, for Respondents.

HALL, J.—This is an appeal from a judgment in favor of plaintiffs and the order denying defendant's motion for a new trial.

The action was brought to recover a sum of money under a decree of distribution entered in the superior court of Santa Cruz county in the estate of one Sebastian Holzfurtner, deceased. The order settling the final account and decree of distribution are contained in one order or decree, which is attached to and made a part of the complaint; and the solution of the controversy in this case depends upon the effect to be given to this decree.

It appears from the decree that said decedent died intestate on the twenty-eighth day of April, 1899, a resident of Santa Cruz county; that he was never married, but left surviving two children of him born out of wedlock, the plaintiffs herein. That before his death he in writing, signed in the presence of at least two competent witnesses, acknowledged himself to be the father of said plaintiffs herein. That he left no other children surviving him, and that the plaintiffs herein were his only heirs at law. The court accordingly distributed the residue of said estate in equal shares to the plaintiffs herein.

In that part of the decree settling the final account the court, after making an allowance for attorneys' fees, reporter's fee and estimated expenses of closing the estate, found the residue of money in the hands of the administrator (defendant herein) to be "$5,927.22, less the amount of the inheritance tax as required by law, which is hereby ordered paid to the County Treasurer of Santa Cruz County."

Again, in describing the residue of the estate ordered distributed, the court described two promissory notes, and cash in a given sum of money "less inheritance tax."

Nowhere is the amount of any inheritance tax fixed, nor any reference thereto made other than as above set forth.

Defendant paid to the plaintiffs out of the sum of $5,927.22 the sum of $5,034.65, and this action was brought to recover the difference between said sums, to wit, $892.57.

Unless defendant was entitled to retain something for the payment of an inheritance tax, it is conceded that plaintiffs are entitled to the said sum of $892.57.

Plaintiffs' contention is that as the law existed when said decedent died, no inheritance tax was required by law from children of a decedent, whether legitimate or illegitimate, and that as the decree of distribution nowhere fixed the amount of the inheritance tax to be retained out of the residue found to be in the hands of the administrator, but simply referred to it as "the inheritance tax as required by law," the decree does not in fact authorize any deduction for an inheritance tax.

The first question to be determined is, Did the law as it existed in 1899 require payment of any inheritance tax of illegitimate children acknowledged by their father in accordance with section 1387, Civil Code?

The inheritance tax law passed in 1893 (Stats. 1893, p. 193) is entitled, "An Act to establish a tax on collateral inheritances, bequests, and devises, to provide for its collection, and to direct the disposition of the proceeds." The act was amended in 1905 (Stats. 1905, p. 33) and in 1899 (Stats. 1899, p. 101), but not in respect to its title.

The body of the act provides for a tax on inheritances to all persons other than to certain enumerated persons. Among the persons expressly excepted from the payment of the tax are "lawful issue" and "any child or children adopted as such in conformity with the laws of the State of California." But whether illegitimate children acknowledged in accordance with section 1387 are expressly excepted or not, they are not collateral heirs, and any inheritance passing to such a child from its father is not a collateral inheritance.

In speaking of this same statute the court, in *Estate of Winchester*, 140 Cal. 468, [74 Pac. 10], said: "Again, the act under which the taxes were imposed by the court below, in its title relates to 'collateral inheritances, bequests and devises' only, and under the provisions of the Constitution its effects must be limited to the subjects thus described. This would exclude successions or bequests to children and grandchildren, whether adopted or natural, for clearly they are not collateral, but in a direct line."

See, also, *Estate of Campbell*, 143 Cal. 623, [77 Pac. 674], as to meaning of the word "collateral."

By the title of the act in question the scope of the act, so far as taxing inheritances is concerned, is limited to collateral inheritances. So far as the act attempts to require a tax

to be paid on an inheritance not collateral, but in the direct line, it is void. (Const. Cal., sec. 24, art. IV; *Estate of Winchester,* 140 Cal. 468, [74 Pac. 10].)

It thus being clear that the distributees under the decree were not required by law to pay any tax on their inheritances from decedent, their father, it only remains to determine whether or not a proper reading of the decree of distribution exacts such payment. If these distributees were "lawful issue" of the decedent and were so found to be in the decree of distribution, we hardly think it would be contended that they would be liable to a deduction from the residue of the estate distributed to them by force of the words "less the amount of the inheritance tax as required by law, which is hereby ordered paid to the County Treasurer." It being expressly written in the statute that "lawful issue" should pay no inheritance tax, the vague and uncertain language of the decree would not be read as adjudging such payment to be made. The exemption of these illegitimate children from the payment of the tax in question is just as certain as a matter of law as is the exemption of "lawful issue."

By the terms of the decree the only deduction from the residue of money found to be in the administrator's hands is "the amount of the inheritance tax as required by law." The decree does not fix the amount of such tax, nor expressly adjudicate that any tax should be deducted, but leaves the matter dependent upon whether or not the law requires any inheritance tax. As it does not, the distributees (plaintiffs herein) were entitled to the entire residue of the estate in the hands of the defendant.

In thus holding the trial court did not, as contended by appellant, ignore the decree of distribution, but gave effect to such decree in accord with its terms.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.