## L. R. BAKER *v.* T. C. MILLER.*

### (*Knoxville.* September Term, 1916.)

1. **TAXATION. Inheritance tax. Legitimating child.**

   Under Shannon's Code, sections 5406-5408, as to the method and effect of legitimating · out of lawful wedlock, such a child's share of his father's estate is not subject to the five per cent. collateral inheritance tax under Acts 1893, chapter 174, section 1, for, since such child inherits directly, and not collaterally, and the title to the 1893 act covers only collateral inheritance, if the act were construed as · imposing a tax on the inheritance of such a child, it would be unconstitutional as broader than its title. (*Post, pp.* 59, 60.)

   Acts cited and construed: Acts 1909, ch. 479, sec. 20; Acts 1893, ch. 174, sec. 1.

   Cases cited and construed: Secs. 5406 to 5408 (S.).

2. **DESCENT AND DISTRIBUTION. Legitimation of children. Effect of statutes.**

   The effect of the rule of Shannon's Code, section 5408, creating the relation of father and child between a father and his legitimated child, is not weakened, in respect of the rights of the child to inherit from such father, by the fact that his mother still has some rights as regards the child's person superior to those acquired by his father through legitimation, and some right of inheritance of the child's property superior to the father's next of kin. (*Post, pp.* 60, 61.)

   Cases cited and approved: Swanson v. Swanson, 32 Tenn., 446; Williams v. Williams, 79 Tenn., 652; McKemie v. Baskerville, 86 Tenn., 459; Scott v. Wilson, 110 Tenn., 175; McCormick v. Cantrell, 15 Tenn., 615; Lawson v. Scott, 9 Tenn., 92; Commonwealth v. Mackey, 222 Pa., 613; Wirringer v. Morgan, 12 Cal. App., 26; In re Cook's Estate, 187 N. Y., 253; Com. v. Gilkeson, 18 Pa. Super. Ct., 516.

*Do terms "child," "children," "issue," etc., in statutes governing distribution of decedent's estate include adopted children, see note in 30 L. R. A. (N. S.), especially at page 919.

3. **STATUTES. Inheritance tax. Adopted child. Subject expressed in title.**

Under Const. article 2, section 17, providing that the subject of a law shall be expressed in its title, Shannon's Code, section 5411, provides that an adopted child shall have the rights of one born in lawful wedlock as concerns inheritance from his adopted father, etc., Acts 1893, chapter 174, section 1, entitled an act to provide for collateral inheritance tax, etc., on estates, provides that the exception therein in favor of "children" shall not apply to adopted children. *Held*, that such provision is unconstitutional, under Const. article 2, section 17, since the title of the act covers only collateral inheritance, and children by adoption inherit directly. (*Post, pp.* 61, 62.)

Cases cited and approved: Helms v. Elliott, 89 Tenn., 446; Murphy v. Portrum, 95 Tenn., 605; In re Winchester's Estate, 140 Cal., 468; McCamey v. Cummings, 130 Tenn., 494; State ex rel. v. Taylor, 119 Tenn., 229; State v. Hayes, 116 Tenn., 40; State ex rel. v. Trewhitt, 113 Tenn., 561.

Code cited and construed: Sec. 5411 (S.).

4. **TAXATION. Inheritance tax. Attorney for the State. Fees.**

In view of sections 14, 20, of the collateral inheritance tax law (Acts 1893, chapter 174), providing for attorney's fees for attorney for the State in the county court in proceedings to enforce payment of the tax, but providing that in the circuit court the district attorney general and in the supreme court the attorney general shall represent the State in such proceedings, no attorney's fees can be allowed a private attorney for the State in either circuit or supreme court. (*Post, pp.* 62, 63.)

Acts cited and construed: Acts 1893, ch. 174, secs. 14, 20.

FROM HAWKINS.

Appeal from the Circuit Court of Hawkins County. —DANA HARMON, Judge.

Baker v. Miller.

Neal L. Thompson, Assistant Attorney-General, and R. C. Coleman, for appellant.

Chesnutt & Portrum, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

This action was begun in the county court of Hawkins county, to recover a collateral inheritance tax on the estate of Tom Miller, deceased, valued at $50,000. The defendant was the natural son of Tom Miller, who, by proper proceedings in the county court had caused defendant to be adopted and legitimated. The county court held that defendant was liable for only one and one-fourth per cent. of the estate, due as the direct inheritance tax under Acts 1909, chapter 479, section 20. The clerk, believing the estate was subject to the five per cent. collateral inheritance tax under Acts 1893, chapter 174, section 1, appealed to the circuit court, and resumed the controversy there. In that court the judgment of the county court was affirmed. The case was then brought to this court by appeal.

The question turns on the construction of chapter 174, section 1, of the Acts of 1893, the general collateral inheritance tax law. The caption reads:

"An act to provide for a collateral inheritance and succession tax or duty upon certain estates, and for the collection of the same, and to this end, to confer further jurisdiction upon the county courts; and to provide penalties for the violation of certain parts of

this act; and also to repeal section 6 of chapter 25 of the Acts of the Extraordinary Session of 1891, entitled 'An act to amend chapter 130 of the Acts of the General Assembly of 1889, entitled "An act to provide revenue for the State of Tennessee and the counties thereof." ' "

Section 1 is as follows:

"That all estates—real, personal, and mixed— of every kind whatsoever, situated within this State, whether the person or persons dying seized thereof be domiciled within or out of this State, passing from any person who may die seized or possessed of such estates, either by will or under the intestate laws of this State, or any part of such estate or estates, or interest therein, transferred by deed, grant, bargain, gift, or sale, made in contemplation of death, or intended to take effect in possession or enjoyment after the death of the grantor or bargainor to any person or persons or to bodies corporate or politic, in trust or otherwise, other than to or for the use of the father, mother, husband, wife, children, and lineal descendants born in lawful wedlock of the person dying seized and possessed thereof, shall be, and they are hereby, made subject to a duty or tax of five dollars on every hundred dollars of the clear value of such estate or estates so passing, and at and after the same rate for any less amount, to be paid to the use of the State; and all owners of such estates and all executors and administrators and their sureties shall only be discharged from liability for the amount

of such taxes or duties the settlement of which they may be charged with, by having paid the same over for the use of the State as hereinafter directed: Provided, that no estate which may be valued at a less sum than two hundred and fifty dollars shall be subject to this duty or tax: And provided further, that the term children shall not be construed to apply to adopted children.''

It is insisted in behalf of the State that through the operation of the second proviso of the section it cannot be held that the defendant is included in the exception in favor of children occurring in the clause, ''other than to or for the use of the father, mother, husband, wife, children, and lineal descendants born in lawful wedlock of the person dying,'' etc. For the defendant it is insisted that he is within the term ''children,'' since he was not only adopted, but was likewise legitimated.

The defendant also insists that having been legitimated, he inherits directly, and not collaterally; therefore, if the act be construed as imposing a tax on one in his situation, the body of the act is made broader than its title, and the act so rendered unconstitutional; hence that such a construction cannot be adopted if any other can be found in harmony with the title.

We think the contention last stated is sound, and that it is decisive of the case.

The method of legitimating a child born to one out of lawful wedlock, and the effect of such legitimation

set forth in Shannon's Code, sections 5406 to 5408, inclusive is as follows:

"5406. The application to legitimate a child not born in lawful wedlock is made by petition, in writing, signed by the person wishing to legitimate such child, and setting forth the reasons therefor.

"5407. The court, if satisfied with the reasons, may, by order embodying the petition in full, and entered upon the minutes of the court, declare such child legitimate. `

"5408. The effect of the legitimation is to create the relation of parent and child between the petitioner and person legitimated, as if the latter had been born to the former in lawful wedlock."

We have several decisions which apply the principle or rule contained in section 5408 quite as strongly as there stated. *Swanson* v. *Swanson*, 2 Swan (32 Tenn.), 446; *Williams* v. *Williams*, 11 Lea (79 Tenn.), 652, 657; *McKamie* v. *Baskerville*, 86 Tenn. (2 Pickle), 459, 7 S. W., 194; *Scott* v. *Wilson*, 110 Tenn., 175, 75 S. W., 1091. The effect of the statutory rule is in no sense weakened, in respect of the rights of the legitimated child to inherit from his legitimating parent, by the fact that his mother still has some rights as regards the child's person superior to those acquired by his father through the act of legitimation, and some right of inheritance of the child's property superior to the father's next of kin. The nature of these superior rights may be found in *Scott* v. *Wilson*, supra; *McCormick* v. *Cantrell*, 7

Yerg. (15 Tenn.), 615; *Lawson* v. *Scott,* 1 Yerg. (9 Tenn.), 92.

The legitimation having the full effect of creating the lawful relation of parent and child between the father and the legitimated child as completely from the standpoint of the child's rights of inheritance as if the latter had been born in lawful wedlock, defendant's inheritance, on the death of his father, was direct and not collateral, and therefore could not be taxed under a statute devoted wholly to collateral inheritance taxation; hence the legislature must have intended to include such children within the terms mentioned, for purposes of exclusion, in section 1.

Substantially the same point arose, and was decided in the same way, in *Commonwealth* v. *Mackey,* 222 Pa., 613, 72 Atl., 250, 128 Am. St. Rep., 825, and *Wirringer* v. *Morgan,* 12 Cal. App., 26, 106 Pac., 425. To same effect, also, *In re Cook's Estate,* 187 N. Y., 253, 79 N. E., 991; *Com.* v. *Gilkeson,* 18 Pa. Super. Ct., 516.

The same result must follow if the defendant be treated only as an adopted child, since as such he has all of the rights of a child born in lawful wedlock so far as concerns his own right of inheritance from his adoptive father, although the latter cannot inherit from him, nor can he inherit collaterally from the adopting father's other children, or next of kin. Shan. Code, section 5411; *Helms* v. *Elliott,* 89 Tenn., 446, 14 S. W., 930, 10 L. R. A., 535; *Murphy* v. *Portrum,* 95 Tenn., 605, 32 S. W., 633, 30 L. R. A., 263.

Such inheritance is likewise direct and not collateral. The same point in effect has been ruled in the same way in other jurisdictions. *In re Winchester's Estate,* 140 Cal., 468, 74 Pac., 10; *In re Cook's Estate,* supra. It follows that the second proviso in section 1 is not in harmony with the title, and being merely incidental may be stricken out, and the act saved from conflict with our Constitution of 1870, article 2, section 17. *McCamey* v. *Cummings,* 130 Tenn., 494, 503, 172 S. W., 311; *State ex rel.* v. *Taylor,* 119 Tenn., 229, 256, 257, 104 S. W., 242; *State* v. *Hayes,* 116 Tenn., 40, 50, 93 S. W., 98; *State ex rel.* v. *Trewhitt,* 113 Tenn., 561, 82 S. W., 480. That the rule announced in these cases is in accord with the great weight of authority in other jurisdictions, see Ann. Cas., 1916D, pp. 28, 29, and cases there cited.

Numerous other contentions appear in the briefs of counsel, but they need not be specifically mentioned, since the ground on which we have placed the decision dominates all of them.

There being no error in the judgment of the trial court, it must be affirmed.

Mr. R. C. Coleman, represented the State in the county court proceeding, and was allowed therefor a fee of $125. This was approved in the circuit court. Mr. Coleman insists that the amount was not sufficient. He performed valuable services in the circuit court, and also in this court, and we should take pleasure in making the additional allowance if we could; but he cannot be paid anything for these latter services,

Baker v. Miller.

since the statute devolves the duty on the district attorney-general in the circuit court, and on the attorney-general of the State in the supreme court. Acts 1893, chapter 174, sections 14, 20. We can therefor consider only his services in the county court, and for these we think the amount allowed was sufficient. It should be stated that the attorney-general appeared in this court by his assistant, Mr. Neal L. Thompson, and ably presented the State's cause along with Mr. Coleman.