[Civ. No. 9136. First Appellate District, Division One.—January 15, 1934.]

In the Matter of the Estate of ELYSE C. RINDGE, Deceased. CARRIE M. MERRILL et al., Appellants, v. ADRIAN CAVAGNARO, Executor, etc., Respondent.

Treadwell, Van Fleet & Laughlin for Appellants.

Sullivan, Roche, Johnson & Barry for Respondent.

TYLER, P. J.—This is an appeal from a decree settling the first account of the executor herein. The facts necessary to a discussion of the case show in substance that Elyse C. Rindge died in November, 1927. At the time of her death she was the owner of an estate appraised at the sum. of $147,119.73, including a house and lot situated on the northwest corner of Pacific Avenue and Gough Street, appraised at $100,000. Her will, after making specific bequests of jewelry and other personal property, and a specific devise of a certain parcel of real property, then left $50,000 in trust for her minor son with her brother Adrian Cavagnaro, who in his capacity of executor is respondent here. Other bequests were $12,500 to respondent personally; to her sister Albena Cavagnaro, $12,500; to appellant Mrs. Jack Lee, $5,000; to appellant Carrie M. Merrill, $5,000; to appellant Melvin Walker, $2,000; and to Celia Smith, $1,000. The only property of the estate other than that specifically devised and bequeathed, is the house and lot on Pacific Avenue, and the furnishings thereof.

Respondent was appointed executor November 28, 1927, at which time the house was rented and remained so rented until April 30, 1928. Thereafter the property was again rented for a period of some six months. The rent obtained

totaled $13,425 for approximately eleven and one-half months, or between $1100 and $1200 a month. After the last tenant vacated the premises on April 1, 1929, respondent placed the same in the hands of real estate agents for rent, but was unable to procure a tenant. He thereupon moved into the premises with certain members of his family and continued to occupy the same up to February 1, 1932, at which time the settlement of his first account came on for hearing. Upon such hearing of the account, appellants objected to its settlement on the ground (1) that the executor failed to include therein the rental value of the property during the time he occupied the same; (2) that except in two instances no claims were presented for what apparently were debts of the deceased; and (3) that the account sought to credit the executor with the amount paid as inheritance tax, whereas such payment should have been charged to the respective shares of the different legatees. After a hearing, appellants' objections were all overruled and the court approved and settled the account without making any findings of fact. It is this order from which the present appeal is taken.

It is here claimed in effect that the evidence is insufficient to justify the implied finding that the executor should not be charged with the rental of the premises during the time he occupied the same. It is further claimed that the evidence is insufficient to justify the implied finding that any claims were ever presented to said executor in the manner provided by law or that any claims were ever allowed or proved for any debts paid. The account contains some three hundred items. The record before us consists of a bill of exceptions. The only testimony offered at the hearing was that given by the executor and it had to do almost exclusively with the reason for his occupancy of the premises. He testified in effect on cross-examination that previous to her death deceased leased the property in question for the sum of $1250 a month, the tenant remaining in possession about seven months. The premises contained some thirty rooms and twelve baths. It was fully and expensively furnished, the furnishings being valued at the sum of $18,499.50. When the first tenant gave up the property the executor endeavored to procure another tenant and to this end he listed the property with nearly all

the real estate firms in San Francisco. A tenant was finally procured who leased the premises for a period of about seven months for a total rent of $7,175. After this tenant vacated the premises, every attempt was made to procure another tenant, but owing to the size of the premises and the amount of the rent such attempts were unsuccessful. The estate had no funds with which to pay a caretaker, and the executor, in order to preserve the property and care for the same, moved into the premises with his relatives, who took care of the furniture and furnishings, at the same time showing the house to prospective renters and buyers at any time they would call. The only reason respondent so occupied the premises was to protect the property and exhibit it to persons desiring to inspect it with a view of renting or buying. The use that respondent executor made of the property was simply incidental to its care and upkeep.

The executor further testified that when he paid debts and no verified claim was presented, the debts were justly due, were paid in good faith, and the amount paid was the true amount of the indebtedness due, and there were no payments or offsets to any of them. This was all the testimony had at the hearing. The account itself shows in detail the nature of every expenditure, and vouchers were on file for all the items of disbursements contained in the account.

With reference to the first objection, we are of the opinion that respondent is not chargeable with the rental value of the property of the estate under the circumstances of the case. While it is true that a representative of an estate who occupies and uses its property for his own benefit must account for the rental value thereof, it is also true that he is bound whenever he is in lawful possession of property to exercise diligence and prudence in its preservation. Respondent made every endeavor to rent the premises, but owing to the size of the dwelling and the amount of rent reasonably required it was impossible to procure a tenant. Respondent did not care to occupy the premises, as his relatives had a home of their own, and he only did so to preserve the property and care for the expensive furnishings contained therein, and avoid the expense of a caretaker. Respondent did not profit by his occupancy, and under such circumstances he was not liable

for the rental value of the property. (*In re Catanach's Estate*, 273 Pa. 368 [117 Atl. 178].)

■ As to the second contention, that respondent should not have been credited with amounts claimed to have been paid for debts for which no verified claims were presented, it is sufficient to say that respondent testified that the account was true and correct and that in all such cases the debts were justly due. This was a sufficient *prima facie* showing under the code (Code Civ. Proc., sec. 1632; Probate Code, sec. 929), and the trial court was justified in so concluding. Counsel for appellants did not cross-examine respondent upon a single item of the long account, contenting himself with attempting to establish that the executor should be charged rent because of his occupancy of the premises. Appellants had full opportunity to question any objectionable item. Not having done so, they should not be permitted to object for the first time on appeal.

■ And, finally, as to the objection that the order should have directed that the amount paid for inheritance taxes should be charged against the shares of the legatees on which the taxes were based, respondent has conceded that this will be done, although no provision therefor was made in the order settling the account. It is conceded by appellants that this matter is not sufficiently serious to justify a reversal of the order, it being sufficient to give appropriate directions on this subject. The order in this respect is accordingly so modified, with directions to the lower court to deduct from the amount due the different legatees their proportion of the tax charged against the estate. With this modification the order is affirmed.

Knight, J., and Cashin, J., concurred.