In the Matter of the Petition of BROOKLYN TRUST COMPANY to Render and Settle Its Account as Executor, etc., of ANNA M. MOLLENHAUER, Deceased.

OLGA SCHMID, Objectant, Appellant; BROOKLYN TRUST COMPANY, as Executor, etc., of ANNA M. MOLLENHAUER, Deceased, WILLIAM K. DICK and ADOLPH M. DICK, Respondents.

Second Department, June 27, 1939.

*Ralph E. Hemstreet*, for the appellant.

*William K. Allison*, for the respondent Brooklyn Trust Company as executor, etc.

*S. Pearce Browning, Jr.* [*Albert O'B. Andrews* with him on the brief], for the respondents William K. Dick and Adolph M. Dick.

CARSWELL, J. The decedent executed her will on November 23, 1927. She died October 11, 1935. Her will contained no provision for the payment of taxes upon her estate.

The net taxable estate was $3,110,885.73. After making certain bequests, including $10,000 to Olga Schmid, a stranger in blood, she divided the residuary estate among her six nephews, nieces and a grandniece.

The total State and Federal taxes were $949,915.90. The surrogate adopted an apportionment of this tax among the legatees, which allocated against Olga Schmid's legacy a tax of $3,053.52. On the accounting Schmid filed objections to this allocation, even though it concededly conforms to the formula prescribed in section 124 of the Decedent Estate Law. She claims the apportionment is inequitable and that the surrogate has power, under section 249-t of article 10-C of the Tax Law and section 124 of the Decedent Estate Law, to moderate the burden upon her legacy in the exercise of equitable power claimed to have been conferred by these statutes. The surrogate held to the contrary and overruled the objection.

To sustain the interpretation for which the objectant contends it would be necessary, as she frankly concedes, to find in the cited statutes power to apportion the estate taxes among the various beneficiaries in disregard of the uniform percentage prescribed in the statute. She says the statutes give the surrogate equitable power which he may exercise for her benefit, without complying with any fixed standard other than his own notion of equity. This contention is based on the presence of the words " without limitation " in section 249-t, which gives the Surrogate's Court jurisdiction in certain tax matters under article 10-C of the Tax Law, and the words " equitably prorated " in the directory provision in section 124 of the Decedent Estate Law relating to the prorating of the tax, and also the further phrase relating to such proration

that it shall be made " as near as may be " in conformity with the formula there set out; and the glossing over of the explicit provision in section 249-t that the proportions of the tax shall be borne by the persons interested as prescribed in section 124 of the Decedent Estate Law. The formula set out in the statute is the Legislature's view of what constitutes " equitable " proration of the tax. If the objectant's interpretation of these statutes were adopted they would be invalid. If two interpretations of a statute are permissible, one which sustains validity rather than one which generates invalidity must be adopted.

The power to lay a tax, to determine the proportion thereof to be exacted from specified individuals or groups, to determine its incidence, is exclusively a legislative function. (*Genet* v. *City of Brooklyn*, 99 N. Y. 296, 306; *Gautier* v. *Ditmar*, 204 id. 20.) Power in these particulars may not be exercised other than by the Legislature, nor may such power be delegated by the Legislature to the judiciary. " ' Taxation is the most delicate and highest attribute of sovereignty and cannot be delegated.' " (*Gautier* v. *Ditmar*, *supra*.) There COLLIN, J., said (p. 28): " While it would be incompetent for the Legislature to leave to a State officer or department the power to determine whether a tax should be levied, *or at what rate*, or *upon what property*, it may lawfully delegate to a ministerial officer or any department, or its appointee or other authority, the power of using the machinery, as and in the method created by it, for the collection of the taxes it has levied. By whom, when and through what procedure or remedy, taxes shall be collected is a matter for legislative determination, subject to the rule that the procedure cannot be utterly unreasonable or arbitrary or unequal and unjust in its operation."

An estate tax burden which falls proportionately, as prescribed by the formula in section 124 of the Decedent Estate Law, upon each beneficiary, is, of course, not " arbitrary or unequal and unjust in its operation."

When a power ordinarily exercised by the Legislature is susceptible of delegation it can be delegated validly only when standards to control the action are erected in the statute. (*People* v. *Klinck Packing Co.*, 214 N. Y. 121, 139.) We have here a mere delegation of administrative detail to apportion taxes in conformity with a standard which prescribes with precision the proration of the taxes and the manner of computation thereof.

The basic doctrine mentioned precludes the acceptance of the objectant's interpretation of the cited statutes. The determination of the tax apportionment by a definite formula has been made by

the Legislature and its action in this respect is final (*Genet* v. *City of Brooklyn*, *supra*), and amelioration thereof is a legislative and not a judicial matter.

The decree, in so far as appealed from, should be affirmed, with costs to each respondent, payable out of the estate.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Decree of the Surrogate's Court of Suffolk county, in so far as appealed from, unanimously affirmed, with costs to each respondent, payable out of the estate.