## CLEGG v. SOUTHERN RAILWAY COMPANY.

(Filed November 10, 1903.)

1. NEGLIGENCE—*Railroads—Personal Injuries—Presumptions.*

There is no presumption of negligence against a railroad company upon simple proof of injuries or death caused by its trains.

2. APPEAL—*Evidence—Pleadings—Exceptions and Objections.*

Where the record does not show what part of a paragraph of the pleadings was offered in evidence, an exception thereto is too indefinite and will not be considered on appeal.

DOUGLAS, J., dissenting.

ON PETITION FOR REHEARING. For former opinion see 132 N. C., 292.

*Armfield & Turner, J. F. Gamble* and *W. G. Lewis,* for the petitioner.

*L. C. Caldwell,* in opposition.

MONTGOMERY, J. This case is before us again on a petition to have it reheard. The action was commenced to recover damages against the defendant for the alleged negligent killing by the defendant of the plaintiff's intestate. The evidence tended to show that a short time before the passing of one

of the defendant's trains, after dark, the intestate, not drunk but under the influence of strong drink, was seen going in the direction of the railroad track, and was a short time afterwards found dead, lying by the side of the track and parallel with it and where a dirt road ran along by the side of the railroad track, but not at a crossing; that a part of the top or back of the intestate's head was knocked off, which was the only wound seen on the body; that the track was straight at the point where he was killed for a half mile or more, and that there was no eye-witness to the death; and that the intestate had not been dragged or run over by the engine. There was evidence on the part of the defendant that there was no sign of blood on the cross-ties, and one of the plaintiff's witnesses said that on the next morning after the killing there was some blood on the cross-ties, but he could not tell whether it was between the rails or on the outside.

If it might be inferred from the evidence that the intestate was killed by the defendant's train, yet "there is no presumption in this State of negligence against railroad companies upon simple proof of injuries or death caused by their trains." *Upton v. Railroad*, 128 N. C., 173. If the intestate was upon the defendant's track, either walking or sitting or lying down, when he was killed, he was guilty of contributory negligence. If the intestate had been walking along the track, or had been sitting in a natural way, the engineer could presume he would get off before the train struck him. If he had been helpless, lying down on the track or sitting upon it in a manner which showed he was unconscious or helpless, the engineer would have been at fault in running him down, notwithstanding the intestate's previous contributory negligence, if the track was straight for half a mile, for the engineer could have seen him by a proper lookout. But there was no evidence tending to show that he was on the track in a helpless condition. In Up-

ton's case, *supra,* the Court said: "The intestate having been negligent, before a recovery can be had against the defendant on the ground of its negligence in not availing itself of 'the last clear chance,' it must be shown by the plaintiff, by proper evidence, not simply that the intestate was on the track in the way of the engine, but that he was there apparently asleep or in other helpless condition, and that the engineer had discovered his condition, or by keeping a reasonable watchout could have discovered it in time to have prevented the injury, and that after he had discovered it or could by proper watchfulness have had reasonable grounds to believe that such was the condition of the intestate, he failed to use all available means to prevent the injury."

The counsel of the plaintiff in his argument here on the petition to rehear insisted that this Court in its former opinion (132 N. C., 292), must have overlooked the fact that the plaintiff on the trial below introduced "a part of the first paragraph of the further defense in the defendant's answer." If that was so, we find upon examination of that part of the plaintiff's evidence that it can be of no service to the plaintiff. The whole of that paragraph of the defendant's answer is as follows: "That the intestate of the plaintiff contributed to his own death by his recklessness and negligence in being drunk and going upon the track of the defendant in the night time, and lying or sitting down upon defendant's track at a point where he could be seen by the defendant's employees in time to avoid the injury complained of." The record shows that the plaintiff did not offer the whole of that paragraph in evidence, but only a part of it. The language as we find it in the case on appeal is: "Plaintiff also offered part of the first paragraph of the defendant's defense." We cannot select what part was intended to be offered. The evidence is too vague for us to consider it. We have examined the

record in this case again most carefully, and we think that plaintiff is not entitled to recover.

Petition dismissed.

DOUGLAS, J., dissents.