PLEMMONS v. RAILROAD.

(Filed December 15, 1905).

*Executors and Administrators—Bond—Collateral Attack— Railroads — Negligence — Lying Across Track — Evidence.*

1.  In an action by an administratrix to recover damages for the alleged negligent killing of plaintiff's intestate, a motion to dismiss the action because the administratrix had not given an administration bond at the time the letters of administration were issued, was properly overruled, as the issuing of the letters cannot be collaterally attached in this action.

2.  In an action to recover damages for the negligent killing of plaintiff's intestate, where the evidence tends to prove that the intestate was run over by the defendant's train in its yard at night; that he was lying across the track unconscious; that the track was straight for a distance of 100 yards or more; that the headlight of the locomotive was burning; that the train was running slowly and was stopped within 80 feet after striking intestate, and that the engineer or fireman either saw the object lying across the track, or could easily have done so, for a distance of 100 yards or more, *held*, that the judge properly submitted the issues to the jury.

ACTION by Maggie Plemmons, Administratrix of B. M. Plemmons, against Southern Railway, heard by *Judge T. A. McNeill* and a jury, at the September-October Term, 1905, of the Superior Court of BUNCOMBE.

This is an action to recover damages for the alleged negligent killing of plaintiff's intestate. The court submitted the following issues: "1. Is the plaintiff the duly qualified administratrix of B. M. Plemmons, deceased? Answer. Yes. 2. Was the plaintiff's intestate killed by the negligence of the defendant as alleged in the complaint? Answer: Yes. 3. Did said intestate, by his own negligence, contribute to his own death? Answer: Yes. 4. If so, could the defendant, notwithstanding the negligence of the deceased, have avoided

his death by the exercise of proper care and caution? Answer: Yes. 5. What damages, if any, is the plaintiff entitled to recover? Answer: Fifteen hundred dollars."

From the judgment rendered, the defendant appealed.

*Julius C. Martin* for the plaintiff.
*Moore & Rollins* for the defendant.

BROWN, J. (1) The defendant requested the court to dismiss the action because the administratrix had not given an administration bond at the time the letters of administration were issued. The issuing of the letters cannot be collaterally attacked in this action. If the clerk of the Superior Court issued the letters in violation of the statute without requiring the proper bond, he should revoke them at once of his own motion, or upon the application of anyone interested in the intestate's estate. Until he does so, and for any *devastavit* in the interim, the clerk's official bond is undoubtedly liable. For the purpose of this action His Honor's ruling on the first issue is correct.

(2) The defendant asked the court in apt time to nonsuit the plaintiff upon the ground that there was no sufficient evidence tending to prove that the intestate was killed by the negligence of the defendant. There is evidence tending to prove that the intestate was killed by the negligence of the defendant. There is evidence tending to prove that the intestate was run over by the defendant's train in the yards of the defendant in Asheville on the night of November 25, 1900; that the intestate was lying across the track unconscious; that the track was straight for a distance of some 300 feet or more; that the headlight of the locomotive was burning; that the train was running slowly and was actually stopped within about 80 feet after striking the man. There was evidence tending to prove that the engineer or fireman

either saw the object lying across the track or could easily have done so, to the distance of 100 yards or more.

We have examined the evidence carefully, and under the decisions of this court, in similar cases, the judge below properly submitted the issues to the jury. *Clegg's case,* 133 N. C., 304; *Upton's case,* 128 N. C., 173, 176; *Lloyd's case,* 118 N. C., 1010, 1014; *Pickett's case,* 117 N. C., 616, 639.

We find no error in the record.

Affirmed.