[Civ. No. 2909.    Second Appellate District, Division Two.—June 12, 1919.]

· BANK OF COMMERCE AND TRUST COMPANY (a Corporation), as Administrator, etc., Respondent, v. WM. HUMPHREY, Appellant.

[1] EXECUTORS AND ADMINISTRATORS—INSUFFICIENCY OF OATH—ISSUANCE OF LETTERS—COLLATERAL ATTACK.—The right of a person to act as administrator may not be collaterally attacked where letters of administration were issued in due form by the clerk to such person, and the court had jurisdiction to make the order directing the clerk to issue them, notwithstanding that the oath of such person was not sufficient in form.

[2] ID.—REGULARITY OF APPOINTMENT—LETTERS CONCLUSIVE EVIDENCE. If the court has acquired jurisdiction to make the order appointing the executor or administrator, the issuance of the letters testamentary or of administration, as against any collateral attack, should be deemed conclusive of the regularity of the appointment.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. Humphrey, *in pro. per.*, for Appellant.

Ward, Ward & Ward for Respondent.

THOMAS, J.—This ·is an ʼappeal by the defendant Humphrey alone from a judgment of foreclosure entered in favor of plaintiff, a corporation, as administrator of the estate of Silas E. Gaskill, deceased, against all of the defendants on March 1, 1916.

To affirm the judgment without further comment would. we believe, be highly proper. We shall, however, consider the appellant's contentions to such an extent that he will be deprived of the opportunity—unless he departs from the virtue we call truth—to say that this court has decided against him without reading the briefs.

The statement of the case is not borne out by the record. It has the earmarks of a willful attempt to mislead the

---

1. Collateral attack on decree granting letters testamentary or of administration, notes, 4 Ann. Cas. 1117; Ann. Cas. 1912A, 983.

court. We can hardly believe that the erroneous statements found therein are unintentional.

The first point made by appellant is that the court erred in overruling his demurrer to plaintiff's complaint, which, omitting the formal parts, is as follows: "1. That the plaintiff has not stated facts sufficient to constitute a cause of action against said defendants. 2. That the plaintiff has not stated facts sufficient to constitute a right to bring said action as administrator. 3. That the complaint does not show the capacity of plaintiff to sue as administrator of the estate of Silas E. Gaskill, or as administrator at all. 4. That the complaint is ambiguous, and uncertain in that it cannot be ascertained therefrom whether Silas E. Gaskill is dead or alive. (a) That it cannot be ascertained therefrom whether letters of administration have ever been issued to plaintiff, by any competent court, or at all." In support of his contention on the demurrer appellant urges that "there is no evidence of qualification of appellant as administrator." (We assume that he means "respondent," rather than "appellant," in the sentence just quoted.) He then urges that an oath subscribed and sworn to by the assistant trust officer of the bank is the only evidence offered as to qualification of the plaintiff as such administrator. This is not a correct statement. Neither is it true, as clearly disclosed by the record. As a clincher to this alleged argument of appellant, it is urged that the plaintiff corporation, in case of Carter's (the assistant trust officer) failure to perform his duty, would not be liable. He then argues "whether construed to mean pecuniary or criminal liable, (sic) that provision is unconstitutional. It has no possible relation to banking business as defined by the law, but relates wholly to the shifting of liabilities of trustees, etc., to employees. The subject is not included in the title of the Banking Act, [Stats. 1909, p. 87], and if it was it is wholly foreign to the object of the act."

The complaint is sufficient. (*Wise* v. *Hogan*, 77 Cal. 184, [19 Pac. 278]; *Munro* v. *Pacific Coast Dredging etc. Co.*, 84 Cal. 515, [18 Am. St. Rep. 248, 24 Pac. 303].) No good purpose could be served by quoting the complaint, or any part thereof. It is sufficient to say that the court properly overruled the demurrer. (*Halleck* v. *Mixer*, 16

Cal. 574.) The other alleged grounds are without merit. Such defect, if it exists, can be taken advantage of only by answer. (*Miller* v. *Luco*, 80 Cal. 257, [22 Pac. 195]; *Locke* v. *Klunker*, 123 Cal. 231, [55 Pac. 993].)

[1] Letters of administration, in due form, were issued by the clerk to respondent, and the court had jurisdiction to make the order directing the clerk to issue them. Assuming that the oath, a copy of which is indorsed on the letters, is not sufficient in form, nevertheless, respondent's right to act as administrator cannot be thus collaterally attacked in this action. Respondent did not refuse to act. Nor did it decline to give any bond or make any oath. On the contrary, seeking to act as administrator of the estate, it caused to be made what its officers and the clerk of the court doubtless thought a sufficient qualifying oath in an attempted compliance with the statute. Thereupon the court, acting through its clerk, issued the letters of administration. It is this that differentiates the case from the *Estate of Hamilton,* 34 Cal. 464, and other cases cited by appellant.

An objection to the sufficiency of the administrator's oath does not raise a jurisdictional question. The authority of the court to appoint does not rest upon the oath or bond. That is a matter going only to the manner of qualifying after an appointment already made, and not to the validity of the appointment. If the clerk of court issues the letters in violation of the statute, without requiring the proper oath, any person interested may appear in the probate proceeding and ask to have the letters revoked. But to allow every person who may be sued to go behind the letters of administration and object to the oath as given, or to plead any other defect which does not go to the jurisdiction of the court making the appointment, would be to involve litigation in a hopeless confusion of collateral issues. Letters issued by the clerk upon the order of a court having jurisdiction should furnish ample protection to all parties dealing with an administrator as such; and no irregularity in the clerk's issuance of the letters, occurring after the order of the court directing their issue—the court having jurisdiction to make the order—should be taken advantage of in a collateral proceeding. Were the rule otherwise, no business depending on letters testamentary or of administration

could be safely transacted. Payments made to executors or administrators, even after judgment, would be no protection. Even if the debtor litigated the precise point, and compelled the administrator to establish it by proof, the adjudication would avail him nothing should a subsequent administrator spring up and demand payment a second time. To allow the sufficiency of the executor's or administrator's oath to be thus collaterally questioned, on any and every occasion, and during all time, would be destructive of all confidence. A large number of titles depend for their validity on decrees of foreclosure. Such decrees are often made in suits instituted by executors or administrators. Should these be subject to review at any period, however remote, on the nice question of the sufficiency of the qualifying oath of the executor or administrator—a question often difficult to decide where the facts are clear, and much more so where the facts are obscured by lapse of time and loss of documents—chaos, appalling in its possibilities, would confront the business community, and shake all confidence in titles based upon foreclosure decrees in actions brought by executors or administrators. [2] The danger of the doctrine contended for by appellant impels us to the conclusion that, if the court has acquired jurisdiction to make the order appointing the executor or administrator, the issuance of letters testamentary or of administration should be deemed conclusive of the regularity of the appointment. Says the court in *Dennis* v. *Bint*, 122 Cal. 42, [68 Am. St. Rep. 17, 54 Pac. 379]: "It is clear that the court had jurisdiction of the estate of the deceased, and to appoint the administratrix. Therefore, if the letters issued had been duly attested, it is unquestionable that, as against any collateral attack, they would have been *conclusive* evidence of her due qualification, and of her authority to act as administratrix." (The italics are ours.) See, also, *Abrook* v. *Ellis*, 6 Cal. App. 451, [92 Pac. 396]; *Garthwaite* v. *Bank of Tulare*, 134 Cal. 242, [66 Pac. 326]; *Plemmons* v. *Southern Ry. Co.*, 140 N. C. 286, [52 S. E. 953]; *Beresford* v. *American Coal Co.*, 124 Iowa, 34, [70 L. R. A. 256, 98 N. W. 902]; *Gallagher* v. *Holland*, 20 Nev. 164, [18 Pac. 834].)

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.