[Civ. No. 4288. First Appellate District, Division Two.—September 21, 1922.]

GEORGE W. LANE, Respondent, v. MRS. G. T. STARKEY, etc., et al., Appellants.

[1] ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION—COLLATERAL ATTACK.—Letters of administration regular on their face may be attacked only in a direct proceeding since they are conclusive evidence of the due qualification and authority to act of the administrator and of the regularity of the proceedings leading up to their issuance in a case of collateral attack.

[2] ADVERSE POSSESSION — NEGLECT OF ADMINISTRATRIX — STATUTE OF LIMITATIONS—BAR OF MINOR HEIRS.—Minor heirs are barred by the statute of limitations because of the failure of the administratrix of the estate to commence an action to recover the possession of real property belonging to the estate within five years after disseizin.

APPEAL from a judgment of the Superior Court of Mendocino County. H. L. Preston, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles Kasch, R. D. McLaughlin and J. B. McLaughlin for Appellants.

Thomas, Thomas & McCowen for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them in an action to quiet title to real property in Mendocino County, California.

The case was tried upon an agreed statement of facts, from which it appears that Charles H. Starkey, the former husband of defendant Mrs. G. T. Starkey, died in the county of Mendocino on September 6, 1904. He left an estate therein consisting of certain personal property, and there was also standing of record in his name at the time of his death certain real property, being the same property de-

---

1. Collateral attack on acting administrator, notes, 81 Am. St. Rep. 535; 4 Ann. Cas. 1117; Ann. Cas. 1915D, 1095.

2. Infancy of heir as affecting the running of the statute of limitations, note, 3 Ann. Cas. 837.

scribed in the complaint herein, upon which he was living at the time of his death.

The said decedent left as his heirs at law Mrs. G. T. Starkey, his widow; Marshall Ney Starkey, one of the defendants herein, a minor son, who was at the time of the filing of the complaint herein of the age of eighteen years and appeared by his guardian; Elizabeth Margaret Starkey, a minor daughter, who died in February, 1918, at the age of eighteen years, and whose interest herein is represented by the administrator of her estate; and Hazel Gertrude Starkey, a minor daughter, who died in March, 1914, at the age of twelve years, and whose interest herein is also represented by the administrator of her estate.

On October 5, 1904, Mrs. Starkey filed her petition to be appointed administratrix of the estate of her deceased husband, and thereafter, on October 17, 1904, an order was duly made and entered that she be appointed administratrix of said estate and that letters of administration issue to her upon her taking the oath and filing a bond according to law in the sum of $500. Thereafter, and on the twentieth day of October, 1904, a bond was filed in the sum prescribed, signed by Mrs. Starkey and B. Edwards and A. H. Ewert. The said sureties failed to justify on said bond in the following particular: There does not appear on said bond the name of any notary or person authorized to administer oaths, nor the seal of such officer or person. It does not appear on said bond or in the records in said probate proceeding that said bond was ever approved by any judge or other person authorized to approve the same. On October 20, 1904, Mrs. Starkey took the oath as administratrix and letters of administration were issued to her by the clerk of the court. Appraisers of said estate were appointed according to law and an inventory and appraisement returned and filed on October 24, 1904. The real property involved in the present action was not returned in the inventory as a part of said estate, the only property appearing in the inventory being personal property of the appraised value of $143.50. The inventory was not sworn to by the administratrix.

On October 24, 1904, Mrs. Starkey, as surviving widow, filed her petition praying that all of the personal property

of said estate be set aside to her for the use and benefit of herself and her minor children, and an order was made in accordance with said prayer. The said estate of Charles H. Starkey has never been closed.

Plaintiff has been in possession of the real property described in the complaint since on or about February 17, 1906, during which time he has paid all taxes or assessments levied or assessed against the property, and during which time the said realty has been inclosed by a substantial inclosure and has been occupied by plaintiff, claiming to own it against all persons, and the possession of said plaintiff has been under a claim of right and ownership and his possession and claim have been open and notorious.

Defendants made no claim to the said property prior to the commencement of this action and Mrs. Starkey had no knowledge that the legal title to said property was in her husband at the time of his death until on or about January 1, 1921.

Two questions are argued by the parties to the appeal. One of the contentions of the appellants is that because of the defect in the bond filed by the administratrix, heretofore mentioned, and because of the defect in the inventory caused by the absence of the oath of the administratrix, the administratrix was not duly appointed pursuant to law and, in the language of appellants, "any acts or failures to act on her part in the matter are void."

[1] The answer to this contention is that letters of administration regular on their face may be attacked only in a direct proceeding and not collaterally. They are conclusive evidence of the due qualification and authority to act of the administrator and of the regularity of the proceedings leading up to their issuance in a case of collateral attack. (*Dennis* v. *Bint,* 122 Cal. 39, 42 [68 Am. St. Rep. 17, 54 Pac. 378]; *Baxter* v. *Boege,* 173 Cal. 589, 595, 596 [160 Pac. 1072]; *Estate of Davis,* 151 Cal. 318, 322, 323 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711]; *Bank of Commerce* v. *Humphrey,* 41 Cal. App. 552, 554 [183 Pac. 222].)

[2] The only other question in the case is whether the minor heirs are barred by the statute of limitations because of the failure of the administratrix to start action to re-

cover the possession of the real property within five years after the disseizin.

The appellants rely upon the cases of *Crosby* v. *Dowd,* 61 Cal. 557, 587, and *Winterburn* v. *Chambers,* 91 Cal. 170 [27 Pac. 658]. The former is a direct holding in accordance with appellants' views after a most elaborate consideration of the subject, and the latter contains a sentence which, while unnecessary to a decision of the case, is in harmony with the holding in the earlier case.

However, the supreme court of this state has recognized that there is some conflict in the decisions upon this question (*Patchett* v. *Pacific Coast Ry. Co.,* 100 Cal., at p. 509 [35 Pac. 73]), and after expressly taking account of the divergence among the cases, has held, in *Patchett* v. *Pacific Coast Ry. Co., supra,* that when the right of action vests in an executor, guardian, or trustee who is under no legal disability, the statute will commence to run despite the disability of the minor, and if the right is lost by the neglect of the representative to sue, the minor is barred. This conclusion was based upon some of the very arguments which were discussed and rejected in the case of *Crosby* v. *Dowd, supra.* Under such circumstances, we apprehend that it is not the province of this court to analyze the conflicting cases. We think we are bound by the latest expression of the supreme court upon the subject, which settled the question in this state.

Appellants do not fail to take note of the cases in conflict with their views, but they argue that because of certain language contained in section 1452 of the Code of Civil Procedure, i. e., "The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same, against any one except the executor or administrator; but this section shall not be so construed as requiring them so to do," the holding in *Crosby* v. *Dowd, supra,* presents the better rule. In reply to this, we take occasion to point out that while section 1452 of the Code of Civil Procedure, in its entire present form, was not a part of our Code of Civil Procedure in 1893, when the case of *Patchett* v. *Pacific Coast Ry. Co.* was decided, the portion of the same relied upon by appellants and herein quoted

was in force and effect at that time and had been the law of this state since 1872.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 20, 1922.

All the Justices present concurred.