57 Cal.App.2d 918 (1943)
Estate of JOHN ANDREW PARDUE, Deceased. NAOMI TOWNER, individually and as Administratrix, etc., Appellant,
v.
PANSY PHILLIPS HEITMAN et al., Respondents.
Civ. No. 13954. 
California Court of Appeals. Second Dist., Div. Two. 
Mar. 31, 1943.
 L. E. Dadmun for Appellant.
 Earl D. Killion in pro. per., and Marshall Stimson and Noel Edwards for Respondents.
 McCOMB, J.
 This is an appeal from portions of orders approving the account of the special administratrix of the last will of John Andrew Pardue, deceased, and of an account of the administratrix of his estate, wherein:
 (1) The account of the administratrix is charged
 (a) $800 as the reasonable rental value for the use of a parcel of property of the estate for a period from February 1, 1937 to September 30, 1938, and
 (b) $1,600.40 as the reasonable rental value for the use of the same parcel of property for the period from October 1, 1938 to February 28, 1942;
 (2) The administratrix is not allowed a credit for the sum of $290.50 paid to her attorney on account of fees in connection with the administration of the estate.
 These are the essential facts;
 On November 8, 1936, John Andrew Pardue died testate. Part of the property of his estate consisted of a parcel of land upon which was located a dwelling house. This the administratrix, appellant, occupied from February 1, 1937 to and including February 28, 1942. During this period the administratrix with her own personal funds paid for necessary repairs and the general upkeep of the building.
 March 11, 1942, the amended account of Naomi Towner, the special administratrix, and her first amended account as administratrix with the will annexed, together with written "objections," filed by certain devisees of the decedent, were heard before the superior court sitting in probate. After receiving evidence on the accounts and in support of the objections, the court approved the accounts with certain exceptions among which were these:
 (1) It charged the administratrix
 (a) $800 as the reasonable rental value for the use of a parcel of property of the estate for a period from February 1, 1937 to September 30, 1938, and
 (b) $1,600.40 as the reasonable rental value for the use of the same parcel of property for the period from October 1, 1938 to February 28, 1942;
 (2) It disallowed the administratrix credit for the sum of *920 $290.50 paid to her attorney on account of fees in connection with the administration of the estate.
 Appellant urges, for reversal of the portions of the orders set forth supra, three propositions, which will be stated and answered hereunder seriatim.
 [1] First: The court was without jurisdiction to hear and pass upon the written "objections" which were filed to the accounts of the administratrix for the reason that the probate code does not authorize filing of "objections" to an account, but does provide that an interested party may file written "exceptions" to an account. (Sec. 927, Prob. Code.)
 This proposition is untenable. Technically there is a difference between an exception and an objection. (See Wigmore on Evidence, vol. I, Third ed. (1940), 353, sec. 20.) In practice, however, the two words have been held to be equivalent. (Ranahan v. Gibbons, 23 Wash. 255 [62 P. 773, 775].) As they are applied to the instant case, we are satisfied that the words are synonymous in their meaning.
 This conclusion finds ample support in recognized lexicons. For example, in volume I, Webster's New International Dictionary, second edition (1939), page 889, after the word "exception," the following definition is given: "An objection, oral or written, taken, in the course of an action or proceeding, as to bail, to the decision or a ruling of a judge, or to something in his charge to a jury." (Italics added.)
 In III, The Oxford English Dictionary (1933), page 374, after the word "exception" appears the following definition: "An objection made to the ruling of a court in the course of a trial." (Italics added.)
 [2] Second: Since the administratrix, Naomi Towner, was a devisee under the will of decedent of a half interest in the property which she occupied during the period of administration, she was a tenant-in-common with her co-devisees, and was not chargeable with rent for the use of the property.
 This position is likewise untenable for the reason that the administratrix's possession of the property in the instant case was not in her individual capacity as a tenant-in-common, but as administratrix of the estate.
 Section 582 of the Probate Code reads:
 "When the time to file or present claims has expired, the executor or administrator must deliver possession of the real property to the heirs or devisees, unless the income therefrom for a longer period or a sale thereof is required for the payment of the debts of the decedent." *921
 It is conceded that up to the time the orders in question were made there were unpaid claims outstanding against the estate. Therefore, under the code section above quoted, it was necessary for the administratrix to retain possession of the property during the period of administration to obtain rents and profits from the use of the property or to sell the same for the purpose of liquidating claims against the estate. Hence her possession of the property was in her capacity as administratrix and not as a tenant-in-common with her co-devisees. (Brazil v. Silva, 181 Cal. 490, 499 [185 P. 174].) [fn. *] This being true, it was the administratrix' duty to try to rent the premises or sell it for the purpose of obtaining funds with which to liquidate debts of the estate.
 The trial court properly found that the administratrix did not attempt during the period of administration either to rent or sell the property, she having testified with reference to the property of the estate which she occupied as follows:
 "I did not try to rent the premises and I do not want to to sell it."
 Testimony which she may have given to the contrary presented merely a conflict in the evidence, the trial court's determination of which is binding on this court. It follows that, since the administratrix failed either to try to rent or sell the property of the estate which she occupied, the trial court properly charged her with the reasonable rental value thereof.
 [3] It was also the duty of the administratrix under section 581 of the Probate Code to keep the property in good and tenantable repair. Had she rented or sold the premises, it would have been unnecessary for her to advance or use her own funds to keep the property in repair. It will be presumed that the trial court in fixing the reasonable rental value of the property which she occupied took into consideration any advances of her own personal funds that benefited the property of the estate.
 Estate of Rindge, 136 Cal.App. 263 [28 P.2d 705], relied upon by appellant is inapplicable to the facts of the instant case because in Estate of Rindge the executor made every attempt to obtain a tenant for the property of the estate, and *922 only occupied it after having failed to obtain a suitable tenant and for the purpose of saving the estate the expense of a caretaker.
 [4] Third: The trial court committed prejudicial error in disallowing the administratrix' claim for a credit of $290.50, which sum she had paid to her attorney on account of fees earned in connection with the administration of the estate.
 This proposition is also untenable. Section 911 of the Probate Code provides that, after six months has elapsed from the date of issuance of letters of administration, the probate court may make an order, after notice to persons interested in the estate, requiring an administratrix to pay her attorney, from funds of the estate, compensation on account of services rendered to the time of the order.
 In the instant case no application was made to the probate court for an order allowing attorney's fees, nor was any such order ever made. Therefore the trial court properly disallowed appellant credit for the amount she had paid to her attorney.
 Upon the filing of her final account the administratrix can be given credit for any fees properly paid for legal services rendered on behalf of the estate.
 For the foregoing reasons the orders appealed from are and each is affirmed.
 Moore, P. J., and Wood, J., concurred.
NOTES
[fn. *] *. The provisions of section 1452 of the Code of Civil Procedure, referred to in the cited case, are now embodied in section 582 of the Probate code.