[Civ. No. 20772.   Second Dist., Div. One.   Apr. 18, 1955.]

Estate of MINNIE V. SIBERELL, Deceased.   MARTHA
E. JONES, as Executrix, etc., Respondent, v. MABEL
L. ROBSON et al., Appellants.

Hampton Hutton for Appellants.

Calvin H. Conron, Jr., William F. Brooks and Robert B.
Curtiss for Respondent.

DORAN, J.—The appellants, children and heirs of the
decedent, are here appealing from an order authorizing the
executrix to compromise a claim for the wrongful death of
Minnie V. Siberell, who was killed in an automobile accident
in Kern County at the Grapevine station on the Ridge Route,
August 25, 1951.   The action for wrongful death was con-
solidated for trial with a separate action for damages insti-
tuted by decedent's daughter, Daisy Bishop, and Mrs.
Bishop's daughter, Marilyn, who were also injured in the
accident.

The cases were tried before a jury which returned a verdict for the defendants. Subsequently a new trial was granted as to the defendant Grinestead, the driver of the other automobile. Mrs. Siberell's estate which had been closed before trial of the accident case, was then reopened and the previous executrix, Martha E. Jones, reappointed.

Pending the new trial, settlements were reached with respect to the Daisy Bishop case and that of Marilyn Bishop. Daisy Bishop recovered $3,000 and Mrs. Bishop's daughter Marilyn was given $8,000. The wrongful death case with which this appeal is concerned was settled with the court's approval for the sum of $2,500. The order of approval allowed counsel fees in the sum of $1,000, and reimbursement for costs expended, $687.94. The remaining sum of $812.06 was apportioned among decedent's six children, each of whom received $135.35.

The first issue raised in appellants' brief is: "Where it appears on the face of the record that an executrix did not come into the State of California to qualify, does the Court have jurisdiction to act upon her petition to compromise a claim?" Upon the reappointment of the executrix, it appears that the petition to reopen the probate estate, the petition to compromise the claim, and the letters testamentary were sworn to before an Oregon notary.

As pointed out in the respondent's brief, appellants did not raise this point in the probate court by seeking to have the respondent's letters revoked for failure to take a proper oath. And, as further noted, Martha E. Jones had previously been appointed executrix but had been discharged prior to trial of the personal injury case, and the reissue of letters testamentary for the purpose of having a proposed compromise approved was a mere technical detail necessitated by the previous discharge.

In *Dominguez* v. *Galindo* (1953), 122 Cal.App.2d 76 [264 P.2d 213] where a defendant in a personal injury action raised the defense of the failure of the administrator properly to qualify, the reviewing court quoted from *Bank of Commerce & Trust Co.* v. *Humphrey*, 41 Cal.App. 552 [183 P. 222]: "The authority of the Court to appoint does not rest upon the oath or bond. . . . If the clerk of court issues the letters in violation of statute, without requiring the proper oath, any person interested may appear . . . and ask to have the letters revoked. But to allow every person who may be sued to go behind the letters of administration and object

to the oath as given . . . would be to involve litigation in a hopeless confusion of collateral issues.'' Appellants' objection possesses no substantial merit.

Appellants raise a second issue, stated as follows: ''Where a wrongful death action is tried in one county and a petition to compromise the claim is filed in the Probate Court in another county, does the Probate Court have authority to fix attorney fees, apportion costs and proceeds among the heirs?''

As pointed out in the respondent's brief, the probate court is expressly given authority by section 578a of the Probate Code to approve settlement of claims in a wrongful death case. As the respondents say, ''it is certainly logical and in the interest of avoiding a multiplicity of actions to assume that the Legislature intended that all unsolved problems in connection with a compromise of a wrongful death action should be handled therein.''

It is to be noted that this specific point was not raised by appellants at the hearing. According to appellants' brief the only objections made related to the amount of the settlement; allocation of expenses and attorney fees, and the qualification of the executrix. And, at the conclusion of the hearing, appellants' counsel stated: ''Now it will also be necessary for this court to apportion the proceeds of this settlement.'' This the trial court proceeded to do. Under these circumstances, no reversible error is apparent.

The record discloses that the probate court did not, as appellants assert, ''fix attorney's fees.'' These fees had been previously determined by a written agreement dated January 9, 1953; all that the probate court did was to apply this agreement in arriving at a figure representing the balance distributable to the heirs.

Appellants complain that the settlement of $2,500 was inadequate and should not have been approved. As the trial court stated, ''Unless you make some showing here that you stand a chance of getting more than the $2,500, counsel, I am not going to turn it down. This lady was 71 years old and you are almost up to the (insurance) limit and you have another lawsuit to try.'' There was also uncontradicted evidence in respect to a previous offer of settlement of $480, later increased to $750. And, as before noted, this particular case had been tried, lost, and a new trial granted. Appellants have made no showing which will warrant a reversal of the order approving the settlement.

As determined by the trial court, the sum of $812.06 was

left after taking care of the agreed attorney fees and expenses, which sum was then apportioned among the decedent's six adult children, each of whom received $135.34. The equal division of this small amount among the heirs seems to have a logical determination with which, under the record herein, appellate interference is not justified. The evidence supports the findings made and no reversible error has been pointed out.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.