[L. A. No. 24596. In Bank. May 9, 1958.]

Estate of EDWARD L. LEDBETTER, Deceased. MARK WOOD, as Administrator, etc., Appellant, v. JOHN D. LUTON, as Guardian, etc., Respondent.

Pat A. McCormick and Lyle C. Newcomer for Appellant.

Rubin & Small and Gene L. Rubin for Respondent.

SPENCE, J.—The administrator appeals from that portion of an order surcharging him with $1,376 on his final account and ordering him to deposit said sum in the account of the estate. He contends that the probate court improperly ordered such surcharge in view of a prior order authorizing his compromise and settlement of a wrongful death claim. The record sustains his position.

Decedent and other members of his immediate family were killed when a United States Air Force jet plane crashed into decedent's home. The administrator commenced an action in the federal court against the United States seeking damages on behalf of the estate. In due course a stipulation in settlement of the claim was negotiated with the United States Attorney. That stipulation provided, among other things, that: (1) the United States of America would pay plaintiff, the administrator, the sum of $6,880, which would be ''inclusive of costs, interest and attorney's fees, and in full settlement and compromise'' of all claims arising out of said accident; (2) the stipulation would be presented to the federal court for approval; (3) the administrator would petition the probate court ''for the appropriate authority to enter into the . . . Stipulation . . . and furnish to the defendant a certified copy of the Order of such authority''; (4) there would be paid to the administrator's attorney ''out of but not in addition'' to the amount of the total settlement of $6,880, the sum of $1,376 ''as and for attorney's fees for services rendered'' in connection with said action; and (5) upon receipt by the administrator and his counsel of the sums indicated, the administrator, through his counsel, would file a dismissal of the action.

On May 21, 1956, upon a petition for instructions filed by the administrator (Prob. Code, § 588), the probate court made the necessary order. Following the preliminary recital that ''. . . the court being fully advised in the premises, finds that it is for the best interest of the estate that the offer of the United States to settle the suit . . . be accepted and the suit dismissed, upon payment to the administrator of the sum of $6,880.00 *as more particularly set forth in the stipulation for compromise attached to the petition herein . . .,*'' the court ''ordered . . . that the petitioner . . . as administrator of the estate shall, upon receipt by him from the United States of America of the sum of $6,880.00, file a Dismissal with Prejudice in that certain suit . . .'' in the federal court. (Emphasis added.) The order and stipulation were presented to the federal court and the terms of compromise were there approved. (28 U.S.C.A. §§ 2677-2678.) Accordingly the administrator received $5,504 from the United States for the estate account, his attorney received $1,376, and the administrator filed the dismissal.

In settling the administrator's final account in the estate, the probate court found that the administrator, while author-

ized to settle the suit in the federal court for the sum of $6,880, had accounted for only $5,504, and that his attorney had received the remaining $1,376 as attorney's fees, though "no order of this court has authorized or allowed such payment." It was upon this basis that the probate court made the surcharge of $1,376.

The administrator contends that the surcharge is improper because he had complied with the court's order in negotiating the settlement as above recited. The terms of settlement included the allowable 20 per cent attorney's fees in cases of compromise under the Federal Tort Claims Act. (28 U.S.C.A. § 2678; *McConville* v. *United States,* 197 F.2d 680, 684; cert. den. 344 U.S. 877 [73 S.Ct. 172, 97 L.Ed. 679].) The stipulation for compromise expressly provided for the division of the $6,880 settlement on this basis, 80 per cent or $5,504 payable to the administrator and 20 per cent or $1,376 payable to his attorney. A copy of this stipulation was attached to the administrator's petition for instructions. While the probate court ordered the administrator to settle the federal suit upon receipt of the $6,880, that amount was specifically noted in the preliminary recital of the order as payable according to the terms of the stipulation attached to the petition. Thus it appears that the probate court, with full knowledge of the provisions of the stipulation effecting the apportionment of the $6,880 so as to allow the 20 per cent attorney's fees or $1,376, approved the settlement on that basis. There consequently remained but $5,504 that was payable directly to the administrator under the settlement and for which he was accountable to the estate. The federal court approved the compromise of the federal suit on the basis of (1) the stipulation, which the probate court had authorized the administrator to sign, and (2) the probate court's order recognizing its terms. Accordingly, the United States Attorney caused the two checks to be made as authorized—one for $5,504 payable to the administrator and the other for $1,376 payable to his attorney.

Respondent, with notice of the hearing on the petition for instructions, raised no objection to the proposed terms of settlement of the federal suit. ■ The order instructing the administrator to sign the stipulation and conclude the settlement was appealable. (Prob. Code, § 1240.) No appeal was taken and that order became final. (*Estate of Lucas,* 23 Cal.2d 454, 463 [144 P.2d 340].) Then five months later the petition for settlement of the administrator's final account

was heard. It was only in the course of these proceedings that any question was raised as to the propriety of the apportionment of the $6,880 settlement.

Respondent contends that the surcharge of $1,376 on the administrator's account was proper because the payment of attorney's fees may not be authorized in proceedings by the administrator for instructions. He argues that "the use of petitions for instructions by executors or administrators, pursuant to Section 588 of the Probate Code, is limited to those matters where no other or different procedure is provided by statute." (Policy Memoranda of Los Angeles County Probate Court, 1955, § 209; *Estate of Thramm,* 67 Cal.App.2d 657 [155 P.2d 119].) He claims that the correct procedure for obtaining an allowance upon attorney's fees from an estate in probate is found in section 911 of the Probate Code, citing *Estate of Pailhe,* 114 Cal.App.2d 658, 666 [251 P.2d 76]; *Estate of Pardue,* 57 Cal.App.2d 918, 922 [135 P.2d 394]; and *Estate of Herbst,* 26 Cal.App.2d 249, 251 [79 P.2d 139]. Admittedly, there was no proceeding here under that section.

But section 911 is only a permissive statute providing that an *"attorney* [for the] . . . administrator . . . *may* apply to the court for an allowance upon his fees" and the "court shall make an order requiring the . . . administrator to pay such attorney out of the estate such compensation, *on account of services rendered up to that time.* . . ." (Emphasis added.) The cited cases do not hold that a proceeding pursuant to this section is the *exclusive* means by which a court may authorize an allowance for attorney fees. Neither those cases nor the section apply to the situation where the administrator is seeking authority to compromise a wrongful death claim under the Federal Tort Claims Act in accordance with the applicable federal statutes (28 U.S.C.A. §§ 2677-2678), including an appropriate allowance for attorney's fees as part of the terms of that settlement. In this connection, the administrator cites section 514 of the above-cited Policy Memoranda of the Los Angeles Probate Court, stating that the "distribution of . . . damages for wrongful death may be determined by the court on a petition filed pursuant to Section 578a . . . or on petition for instructions pursuant to Section 588 of the Probate Code." In *Estate of Siberell,* 132 Cal.App.2d 332 [282 P.2d 209], the probate court, pursuant to section 578a of the Probate Code, authorized the executrix to compromise a wrongful death claim for a stated amount, with apportion-

ment of the proceeds including the allowance of attorney's fees.

There can be no question as to the jurisdiction of the probate court here to apportion the proceeds of settlement in its order of instructions to the administrator for settlement of the federal suit. It is further clear that the prior order of the probate court had the effect of making the claimed apportionment of the attorney's fees. Admittedly, the order instructing the administrator to settle the federal suit was "inartfully drawn." As the administrator concedes, it would have been better form had "the order spelled out" more clearly that the administrator "was to file a dismissal with prejudice when he had received the sum of $5,504.00 and when his attorney had received the sum of $1,376.00 as attorney's fees" in concluding the settlement. But the manner of payment of the total settlement of $6,880, as recited in the order, was unquestionably to be made as "particularly set forth in the stipulation for compromise attached to the petition" for instructions. After the administrator had acted as authorized by the probate court, the order surcharging him in the amount of $1,376 for attorney's fees cannot be sustained, as it is inconsistent with the prior order which had become final. (See *Estate of Lucas, supra,* 23 Cal.2d 454, 463-464 [144 P.2d 340].)

That portion of the order surcharging the administrator with the sum of $1,376 and ordering him to deposit said amount in the account of the estate is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.