Filed 7/20/16  Robins v. Ferry CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NANCI S. ROBINS, Individually and as Trustee, etc.,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>JOSEPH P. FERRY, as Administrator, etc.,<br><br>    Defendants and Respondents. | G051316<br><br>(Super. Ct. No. 30-2013-00683648)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on June 22, 2016, be modified as follows:

1.  On page 3, delete the first paragraph, beginning "The trial court generally," and replace it with the following paragraph, retaining footnote 2 at the end of the new paragraph:

"The reviewing court generally faces two separate determinations when considering an appeal based on [Code of Civil Procedure] section 473, subdivision (d):  whether the order or judgment is void and, if so, whether the trial court properly

exercised its discretion in setting it aside. Evaluating an order or judgment as void is a question of law, reviewed de novo. [Citation.] Ordinarily, we review the trial court's decision to set aside a dismissal for abuse of discretion. [Citation.] But in this case, we need not reach the question of whether the trial court abused its discretion because the voluntary dismissal is not void. [Citation.]" (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822, fn. omitted.) Here, too, we need not reach the question of the trial court's discretion because Robins failed to establish the order appointing the administrator was void.

2. On page 6, delete the first paragraph, beginning "[L]etters of administration," and replace it with the following paragraph:

"[L]etters of administration regular on their face may be attacked only in a direct proceeding and not collaterally. They are conclusive evidence of the due qualification and authority to act of the administrator and of the regularity of the proceedings leading up to their issuance in a case of collateral attack." (*Lane v. Starkey* (1922) 59 Cal.App. 140, 142.) "[L]ike any final judgment, a decree in probate will be accorded the same intendments in favor of its validity [citation], and it will not be open to collateral attack for lack of jurisdiction unless the record affirmatively shows that the court transgressed its statutory power to render the decree in question. [Citations.] The record is the judgment roll, and upon collateral attack it is the only evidence that can be considered in determining the question of jurisdiction [citations]." (*Estate of Wise* (1949) 34 Cal.2d 376, 381-382.) Having reviewed the documents that are a part of the judgment roll (Prob. Code,

2

§ 1050), we conclude Robins has failed to affirmatively establish that the trial court acted in excess of its jurisdiction.

3.  On page 6, after the second paragraph, beginning "Robins argues that," add the following new paragraph:

Finally, Robins contends that Desert Green lacked standing to file the petition.  We disagree.  Any interested person may file a petition for the appointment of an administrator (Prob. Code, § 8000, subd. (a)), and as a creditor of Laura, Desert Green was an interested person (*id.*, § 48, subd. (a)(1)).

These modifications do not effect a change in the judgment.  The petition for rehearing is DENIED.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

3

Filed 6/22/16  Robins v. Ferry CA4/3 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NANCI S. ROBINS, Individually and as Trustee, etc.,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>JOSEPH P. FERRY, as Administrator, etc., et al.<br><br>    Defendants and Respondents. | G051316<br><br>(Super. Ct. No. 30-2013-00683648)<br><br>O P I N I O N |

Appeal from postjudgment orders of the Superior Court of Orange County, Kim R. Hubbard, Judge.  Affirmed.

Soto Law Group and Romelia DeDe Soto for Plaintiff and Appellant.

Joseph P. Ferry, in pro. per., for Defendant and Respondent Joseph P. Ferry.

Law Office of Alan D. Davis and Alan D. Davis for Defendant and Respondent Cathy Ostrow.

Richard D. Cleary for Defendants and Respondents Desert Green Solar Farm LLC and Invenergy Solar Development, LLC.

\*          \*          \*

Nanci S. Robins (Robins) challenges the denial of an order to set aside letters of administration for the estate of Robins's mother, Laura S. Sherman (Laura). We conclude the trial court did not err in denying the motion to set aside or vacate, and therefore affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Laura died on November 6, 2012. At the time of her death, Laura owned a one-third interest, as a tenant in common, of a parcel of real property located in Borrego Springs, California (the property). Desert Green Solar Farm LLC (Desert Green) owned an option to acquire the property and, as such, claimed to be a creditor of Laura.

Desert Green filed a petition for appointment of an administrator for Laura's estate. Desert Green alleged Laura had died intestate, and nominated Joseph P. Ferry to serve as the administrator. Ex parte petitions were also filed by Desert Green and Ferry to have Ferry appointed as a special administrator; one of Laura's other daughters, Leslie Sherman, concurred in the nomination of Ferry as the administrator and the special administrator. The trial court granted the ex parte request to appoint Ferry as the special administrator on November 14, 2013, and, on December 19, 2013, entered an order appointing Ferry as the administrator with full authority under the Independent Administration of Estates Act (Prob. Code, § 10400 et seq.). Letters of administration were issued the same day.

In September 2014, Robins filed a motion to set aside and vacate the probate orders appointing Ferry as the special administrator and as the administrator. The trial court denied Robins's motion to set aside. Robins filed a timely notice of appeal.[1]

---

[1] After the trial court denied Robins's motion to set aside, Robins filed a petition for probate of Laura's will. The court ultimately denied the petition, finding it was barred by Probate Code section 8226, subdivision (c)(1), which provides, in relevant

The trial court generally has discretion to appoint an administrator for a decedent's estate, subject to certain statutory priorities. (Prob. Code, § 8460 et seq.) An order on a motion to vacate or set aside an order appointing an administrator is reviewed for abuse of discretion. (*Estate of Lewy* (1976) 61 Cal.App.3d 635, 645.)[2]

Robins contends the order appointing Ferry as the administrator is void because the trial court lacked subject matter jurisdiction. The court's subject matter jurisdiction is dependent on (1) the date and place of the decedent's death, (2) whether the decedent was domiciled in California or left property in California at the time of death, and (3) whether statutory notice was given. (Prob. Code, § 8005, subd. (b)(1).) Each of those facts was established in this case.

Robins first contends, however, that the order was void because the administrator was appointed without a public hearing being held. The minute order provides that the petition for letters of administration was approved as supplemented. Whether the "case was not called on the record in open court," as attested to by the court reporter, is irrelevant. The local rules of the Orange County probate court provide that a

part: "If the proponent of a will has received notice of . . . a petition for letters of administration for a general personal representative, the proponent of the will may petition for probate of the will only within . . . : [¶] . . . One hundred twenty days after issuance of the order . . . determining the decedent to be intestate."

[2] Robins purports to appeal from the denial of the motion to set aside both the order appointing Ferry as the special administrator, and the order appointing Ferry as the administrator. An order granting letters to a special administrator is not an appealable order. (Prob. Code, § 1303, subd. (a).) The grant or denial of a motion to vacate or set aside such an order is similarly unappealable. (*Estate of Hughes* (1978) 77 Cal.App.3d 899, 901-902; *Estate of Bartholomae* (1968) 261 Cal.App.2d 839, 841; *Christensen v. Lucerne Holding Co.* (1933) 134 Cal.App. 215, 216.) We consider in this opinion only the arguments regarding the motion to set aside and vacate the December 2013 order appointing Ferry as the administrator, which is appealable pursuant to Probate Code section 1303, subdivision (a).

probate matter may be preapproved by the court. (Super. Ct. Orange County, Local Rules, rule 601.06.)

Robins next argues that the court could not proceed as if Laura had died intestate because she had executed a will. Robins cites to the lodging of Laura's will with the court for safekeeping and the petition to determine succession to real property, which Robins filed in August 2013, with a copy of Laura's will attached. Each of these actions occurred in a separate proceeding.

Robins relies primarily on *Estate of Edwards* (1908) 154 Cal. 91, 92-93, where the California Supreme Court considered the following question: "Where it is made to appear that an instrument testamentary in character and executed with the formalities required by law has not been offered for probate, may a court, upon application for general letters of administration, hear and determine the question of the validity or invalidity of this instrument, and, as it shall determine, grant, or refuse to grant general letters of administration; or does it become the duty of the court, upon such a showing, to postpone the consideration of the application for letters of administration until, in the appropriate proceeding provided by law for the proving of a will, the question of the validity or invalidity of the instrument shall have been determined?" The court concluded that the latter course of action was the proper one. (*Id.* at p. 93.) The present case, however, differs factually from *Estate of Edwards*. In that case, the party seeking letters of administration alleged that a will and codicils existed, but that the decedent had been insane at the time they were executed and, therefore, he had died intestate. (*Id.* at p. 92.)

Here, the petition for letters of administration alleged, in relevant part: "On October 21, 2013 the Court dismissed without prejudice a Petition to Determine Succession to Real Property that concerned Ms. Sherman's interest in the Property, and indicated that a formal probate was required to determine who was entitled to inherit the property. That petition alleged that Ms. Sherman had various testamentary instruments.

4

Because Petitioner is not in a position to form a belief as to what, if any, instruments are controlling, it alleges that Ms. Sherman died intestate." Had Robins responded to Desert Green's petition with her own petition to probate Laura's will, the trial court would properly have heard the petition for probate before or at the same time as the petition to appoint an administrator.

Robins's failure to file a petition for probate, to object to the petition to appoint an administrator, or to appeal from the order appointing Ferry as the administrator does not void the court's actions. Instead, Robins is making a collateral attack on that order by seeking to vacate the letters of administration. (The time to file a direct appeal from the order appointing the administrator—which was entered in December 2013—expired long before Robins brought the motion to set aside or vacate in September 2014.)

Robins's collateral challenge to the order granting letters of administration was not permissible. Probate Code section 8007 provides: "(a) Except as provided in subdivision (b), an order admitting a will to probate or appointing a personal representative, when it becomes final, is a conclusive determination of the jurisdiction of the court and cannot be collaterally attacked. [¶] (b) Subdivision (a) does not apply in either of the following cases: [¶] (1) The presence of extrinsic fraud in the procurement of the court order. [¶] (2) The court order is based on the erroneous determination of the decedent's death." Only extrinsic fraud, that is "deception that deprived an interested person of notice and opportunity to be heard" may be the basis for a collateral attack after the time to appeal has passed. (Ross & Cohen, Cal. Practice Guide: Probate (The Rutter Group 2015) ¶ 3:47, p. 3-14; see *Estate of Estrem* (1940) 16 Cal.2d 563, 571; *Estate of Carter* (2003) 111 Cal.App.4th 1139, 1155.) "Absent 'extrinsic fraud,' so long as *proper notice* was given, the court's finding of jurisdictional facts is binding . . . even if later shown to be erroneous." (Ross & Cohen, *supra*, ¶ 3.47, p. 3-14.)

5

"[L]etters of administration regular on their face may be attacked only in a direct proceeding and not collaterally.  They are conclusive evidence of the due qualification and authority to act of the administrator and of the regularity of the proceedings leading up to their issuance in a case of collateral attack." (*Lane v. Starkey* (1922) 59 Cal.App. 140, 142.)  A defect in fundamental jurisdiction of a probate court must appear "on the face of the order" in order to collaterally attack it.  (*Estate of Buckley* (1982) 132 Cal.App.3d 434, 449-450.)  No defect in jurisdiction appears on the face of the order appointing Ferry to serve as the administrator of Laura's estate.

Robins argues that Ferry committed extrinsic fraud in procuring the order appointing him as the administrator.  Robins's claim, however, is based on her contention that Desert Green misrepresented and concealed facts about the existence and contents of the will when petitioning for letters of administration.  As explained *ante*, even if true, it is not extrinsic fraud that would permit a collateral attack on the probate court's order after the time for a direct appeal had expired.

DISPOSITION

The postjudgment order is affirmed.  Respondents to recover costs on appeal.

FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

6